

MTL 24041

# COMMONWEALTH of VIRGINIA

## Secretary of the Commonwealth

POST OFFICE BOX 2454                                                                  RICHMOND, VIRGINIA 23218-2454

### NOTICE OF SERVICE OF PROCESS

Ethier, Denis                                                     7/3/2018
1001 Ruesandra
Saint-Jerome, J5L2K2 Canada

V Trust Carriers Inc

vs.

Ethier, Denis

**Summons and Complaint**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below mentioned court or any attorney of your choice. Our office does not accept payments on behalf of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Rockbridge County Circuit Court
20 South Randolph Street, Suite 101
Lexington, VA 24450

Service of Process Clerk
Secretary of the Commonwealth's Office

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL18000406-00

ROCKBRIDGE COUNTY CIRCUIT COURT

20 SOUTH RANDOLPH STREET SUITE 101, LEXINGTON

ADDRESS

TO:

ETHIER, DENIS

1001 RUESANDRA

SAINT-JEROME, CANADA

J5L2K2

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

| MAY 21, 2018 | | MICHELLE M. TROUT | Clerk |
| DATE | | | |

by _____ DEPUTY CLERK

Instructions: _____

Hearing Official: _____

FORM CC-1400 MASTER 10/13

VIRGINIA:

IN THE ROCKBRIDGE COUNTY CIRCUIT COURT

V TRUST CARRIERS INC

    Plaintiff,

        v.

DENIS ETHIER

    1001 Ruesandra,
    Saint-Jerome, Canada
    J5L2K2
    Served via Secretary of State

    and

PAPINEAU INTERNATIONAL SEC

    8585 RTA Transcandaienne
    #300
    Saint Laurent, Canada
    H4S1Z6
    Served via Secretary of State

    Defendants.

CASE NO: CL18000406-00

## COMPLAINT

NOW COMES Plaintiff, V Trust Carrier Inc, by counsel, and files this Complaint against the defendants Denis Ethier, Papineau International SEC ("Defendants") on the grounds and amounts as hereinafter set forth:

### PARTIES

1. Plaintiff, V Trust Carrier Inc. is an Illinois corporation with principal offices at 1118 N Dale Avenue, apt 1 G, Arlington Heights, IL 60004.

1

2. Upon information and belief, Defendant Denis Ethier ("Defendant Ethier") is a resident of Saint-Jerome, Canada.

3. Upon information and belief, Defendant Papineau International SEC ("Defendant Papineau") is a Canadian corporation with principal offices at 8585 RTE Transcandaienne #300, Saint Laurent, Canada H4S1Z6.

## SUMMARY OF THE CASE

4. Plaintiff incorporates by reference all of the allegations in this Complaint as if fully stated herein.

5. On or about September 20, 2017, Plaintiff's employee Denis Ethier was operating Plaintiff's 2007 Freightliner Truck while traveling northbound on I-81, Rockbridge County, Virginia at the posted speed limit and while fully seatbelt restrained.

6. At the same time, Defendant Denis Ethier was traveling in the same direction, operating Defendant Papineau's truck, driving in very close proximity to Plaintiff.

7. As Plaintiff's vehicle sstopped for auto vehicle accident on the route, Defendant failed to stop and/or maintain control and/or pay required attention and caused collision crashing into Plaintiff's vehicle.

8. At the time of the crash, Defendant Ethier was employed and acted in furtherance of the interests of his employers Defendant Papineau.

9. As the direct and proximate result of the negligent conduct of the Defendant, Plaintiff suffered substantial economic loss, property damages, incurred incidental consequential damages, the effects of which last to this day.

**NEGLIGENCE (DEFENDANT ETHIER)**

10. Plaintiff incorporates by reference all of the allegations in this Complaint as if fully stated herein.

11. Defendant Ethier owed Plaintiff the duty to exercise reasonable care in operating his vehicle and breached that duty when he failed to operate the vehicle in a safe and reasonably prudent manner and caused the crash with Plaintiff's vehicle. Defendant was inattentive, failed to keep proper distance between the vehicles, followed too closely, failed to give full time and attention, and drove too fast for the conditions.

12. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant Ethier.

13. As a direct and proximate result of this breach of duty and negligent conduct of the Defendant Ethier and the resulting impact and collision, Plaintiff suffered and sustained severe damages and significant economic loss. The aforementioned damages have caused the Plaintiff to incur substantial incidental and consequential damages.

### NEGLIGENCE (RESPONDEAT SUPERIOR) (DEFENDANT PAPINEAU)

14. Plaintiff incorporates by reference all of the allegations in this Complaint as if fully stated herein.

15. At all times relevant herein, Defendant Ethier was a driver of Defendant Papineau and was acting within the course and scope of his employment.

16. At the time of the crash, Defendant Ethier was operating the vehicle registered to and owned by Defendant Papineau.

17. Defendants Papineau had a control or management of Defendant Ethier and the use of company vehicle.

3

18. Defendant Ethier owed Plaintiff a duty to exercise reasonable care in operation of his vehicle and breached that duty when he failed to operate the vehicle in a safe and reasonably prudent manner.

19. Defendant Ethier owed Plaintiff a duty to exercise reasonable care in operation of his vehicle and breached that duty when he followed Plaintiff's vehicle too closely.

20. Defendants Papineau is responsible for Defendant Ethier's negligence through the doctrine of respondeat superior.

21. As a direct and proximate result of Defendant Ethier's breaches of duty and the resulting impact and collision of Defendant Ethier's vehicle with Plaintiff's vehicle, Plaintiff suffered and sustained severe economic, incidental and consequential damages, as outlined above.

22. Defendants Papineau had a duty to Plaintiff to act reasonably.

23. Defendants Papineau, as the employer of Defendant Ethier and owner of the vehicle, had the right to permit and the power to prohibit the use of company vehicle by Defendant Ethier.

24. Defendants Papineau breached that duty.

25. As a direct and proximate cause of the negligence of Defendant Papineau, Plaintiff suffered and sustained property damages, severe economic, incidental and consequential damages, as outlined above.

**NEGLIGENCE**

26. Plaintiff incorporates by reference all of the allegations in this Complaint as if fully stated herein.

4

27. Defendant owed Plaintiff the duty to exercise reasonable care in operating his vehicle and breached that duty when he failed to operate the vehicle in a safe and reasonably prudent manner and caused the crash with Plaintiff's vehicle. Defendant was inattentive, failed to keep proper distance between the vehicles, followed too closely, failed to give full time and attention, and drove too fast for the conditions.

28. As a direct and proximate result of this breach of duty and the resulting impact and collision, Plaintiff suffered and sustained severe property damages. The aforementioned damages have caused the Plaintiff to suffer economic loss, and other incidental and consequential damages.

WHEREFORE, Plaintiff requests judgment against Defendant in the sum of $300,000 in compensatory damages plus costs and any further relief this court deems proper and just included pre and post judgment interest.

Plaintiff requests a trial by jury in the above referenced matter.

Respectfully submitted,

Ismail T. Shahtakhtinski, Esq.
I.S. LAW FIRM, PLLC
3930 Walnut Street, Suite 200
Fairfax, VA 22030
T: (703) 527-1779
F: (703) 778-0369
ismail@islawfirm.com
*Counsel for Plaintiff*

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**
Commonwealth of Virginia     VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

Case No. CL18000406-00

Rockbridge County Circuit Court ............................ Circuit Court

| V Trust Carriers Inc | v. | Ethier, Denis |
| 1118 N Dale Ave apt 1 G | | 1001 Ruesandra |
| Arlington Heights, IL, 60004 | | Saint - Jerome, Canada, J5L2K2 |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:   [×] Summons and Complaint     [ ] Notice
                                              [ ] ..........

I, the undersigned Affiant, state under oath that
[×] the above-named defendant   [ ] ..........
whose last known address is   [×] same as above [ ] ..........
1. [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

[          ] is the hearing date and time on the attached process or notice (if applicable).

06/22/18
DATE     [ ] PARTY  [×] PARTY'S ATTORNEY  [ ] PARTY'S AGENT  [ ] PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

State of Virginia                County of Fairfax
Acknowledged, subscribed and sworn to before me this day by Ismail Shahtakhtinski
                                                           PRINT NAME OF SIGNATORY
06/22/2018
DATE     [ ] CLERK   [ ] MAGISTRATE   [×] NOTARY PUBLIC
Notary Registration No. 7737135     My commission expires: 10/31/2021

[ ] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

JUL 0 2 2018
1. On .........., legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On .........., papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Commonwealth of Virginia   VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

Case No. CL18000406-00

Rockbridge County Circuit Court .......... Circuit Court

| V Trust Carriers Inc | v. | Ethier, Denis |
| --- | --- | --- |
| 1118 N Dale Ave apt 1 G | | 1001 Ruesandra |
| Arlington Heights, IL, 60004 | | Saint - Jerome, Canada, J5L2K2 |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:  [×] Summons and Complaint    [ ] Notice
[ ] ..........

I, the undersigned Affiant, state under oath that
[×] the above-named defendant  [ ] ..........
whose last known address is  [×] same as above [ ] ..........
1. [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice (if applicable).

06/22/18
DATE

State of Virginia  [ ] PARTY [×] PARTY'S ATTORNEY [ ] PARTY'S AGENT [ ] PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

City / County of Fairfax

Acknowledged, subscribed and sworn to before me this day by ISMAIL Shahtakhtinski
PRINT NAME OF SIGNATORY

06/22/18
DATE

[ ] MAGISTRATE  [×] NOTARY PUBLIC
Notary Registration No. 7737135  My commission expires: 10/31/2021

[ ] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On JUL 0 2 2018, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On JUL 0 5 2018, papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

**NON-RESIDENCE GROUNDS REQUIREMENT:**
If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8(ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having *in personam* jurisdiction over such person; or

10. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

**DUE DILIGENCE REQUIREMENT:**

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has been unable, after exercising due diligence, to locate the person to be served.

**NON-RESIDENCE GROUNDS REQUIREMENT:**
If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8(ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having *in personam* jurisdiction over such person; or

10. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

**DUE DILIGENCE REQUIREMENT:**

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has been unable, after exercising due diligence, to locate the person to be served.